**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Cristina M. Lipan, Esq.
*Attorneys for the Chapter 7 Trustee*

Hearing Date: July 27, 2021 at 10:00 a.m.
Objections Due: July 20, 2021 by 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

KANWALDEEP SINGH KALSI,

Debtor.

-----------------------------------------------------------x

NAMRITA PUREWALL,

                Plaintiff,

- against -

ESTATE OF KANWALDEEP KALSI, THE
TRUSTEE OF THE ESTATE OF KANWALDEEP
KALSI, and KANWALDEEP KALSI

                Defendants.

-----------------------------------------------------------x

Chapter 7

Case No.: 20-10330 (MG)

Adv. Pro. No. 21-01159 (MG)

## NOTICE OF HEARING OF TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012 DISMISSING THE COMPLAINT

**PLEASE TAKE NOTICE**, that on **July 27, 2021 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, a hearing shall be held by video conference using Zoom for Government[1] at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "Court") before the Honorable Martin Glenn, United States Bankruptcy Judge, on the motion (the "Motion") of defendant Angela G. Tese-Milner, solely in her capacity as the chapter 7 trustee (the "Trustee") of the estate (the "Estate") of Kanwaldeep

---

[1] Please see Judge Glenn's chambers page on the Court website to make an eCourtAppearance: http://www.nysb.uscourts.gov/content/judge-martin-glenn. There are two new tabs next to the Chamber's Rules, Calendars and Opinions tabs. The two tabs are "Zoom hearings" and "eCourtAppearances." The "Zoom hearing" tab has information regarding using Zoom for Government. To make your appearance for the hearing please click on the eCourtAppearances tab.

Singh Kalsi (the "Debtor"), by and through her counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) as made applicable to Federal Rule of Bankruptcy Procedure 7012 dismissing in its entirety the Complaint filed by Namrita Purewall (the "Plaintiff"), with prejudice, for failure to state a claim for which relief can be granted, and granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion, if any, must be in writing, conform with the Title 11 of the United States Code, the Bankruptcy Rules and the Local Rules, and be filed with the Bankruptcy Court, with a courtesy copy to the Chambers of the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Salvatore LaMonica, Esq., no later than **July 20, 2021 by 4:00 p.m.** as follows: (a) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

Dated: July 6, 2021        **LAMONICA HERBST & MANISCALCO, LLP**
     Wantagh, New York       *Counsel to the Chapter 7 Trustee*

                                By:    *s/ Salvatore LaMonica*
                                         Salvatore LaMonica, Esq.
                                         Cristina M. Lipan, Esq.
                                         3305 Jerusalem Avenue
                                         Wantagh, New York 11793
                                         (516) 826-6500
                                         sl@lhmlawfirm.com
                                         cl@lhmlawfirm.com

| LaMONICA HERBST & MANISCALCO, LLP | Hearing Date: July 27, 2021 at 10:00 a.m. |
|---|---|
| 3305 Jerusalem Avenue, Suite 201 | Objections Due: July 20, 2021 by 4:00 p.m. |
| Wantagh, New York 11793 | |
| Telephone: (516) 826-6500 | |
| Salvatore LaMonica, Esq. | |
| Cristina M. Lipan, Esq. | |
| *Attorneys for the Chapter 7 Trustee* | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                        Chapter 7

KANWALDEEP SINGH KALSI,                                  Case No.: 20-10330 (MG)

Debtor.
-----------------------------------------------------------x
NAMRITA PUREWALL,

                Plaintiff,
- against -                                                                  Adv. Pro. No. 21-01159 (MG)

ESTATE OF KANWALDEEP KALSI, THE
TRUSTEE OF THE ESTATE OF KANWALDEEP
KALSI, and KANWALDEEP KALSI

                Defendants.
-----------------------------------------------------------x

**TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER,
PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 7012 DISMISSING THE COMPLAINT**

Defendant Angela G. Tese-Milner, solely in her capacity as the chapter 7 trustee (the "Trustee") of the estate (the "Estate") of Kanwaldeep Singh Kalsi (the "Debtor"), and as the sole representative of the Estate, by and through her counsel, LaMonica Herbst & Maniscalco, LLP, hereby seeks the entry of an Order pursuant to Federal Rule of Civil Procedure 12(b)(6), as made applicable by Federal Rule of Bankruptcy Procedure 7012, (the "Bankruptcy Code"), dismissing in its entirety the Complaint filed by Namrita Purewall (*aka* Namrita Purewal, the "Plaintiff"),

with prejudice, for failure to state a claim for which relief can be granted, and granting such other and further relief as this Court deems just and proper ("Motion").

## PRELIMINARY STATEMENT

1. The Plaintiff seeks declaratory judgment that she has a constructive trust on the real property located at 82 Inlet Road East, Southampton, New York 11968 (hereinafter, the "Southampton Property" or the "Property") and seeks delivery of the Southampton Property free and clear of the purchase money mortgage on the Southampton Property.

2. The Stipulated To Order, which was signed by Plaintiff and so ordered by this Court on May 13, 2021, memorialized the agreement to authorize the Trustee to market the Southampton Property for sale and Plaintiff's cooperation in providing access to the Southampton Property for purposes of marketing (Doc. No. 104) (the "Stipulated To Order"). The Stipulated To Order, signed and agreed to by the Plaintiff, provided, *inter alia*, that: (1) the Southampton Property is property of the Debtor's estate, and therefore, the Trustee is authorized to market the Property for sale, (2) Plaintiff shall cooperate with the Trustee and her professionals, and (3) Plaintiff shall not interfere, or cause any other individual to interfere, with the efforts of the Trustee and her Professionals to market the Southampton Property.

3. In direct contravention of the Stipulated To Order, Plaintiff has filed this Complaint seeking, *inter alia*, declaratory judgment that the Southampton Property is not property of the estate, thereby seeking to prevent the Trustee from selling or accessing the Southampton Property. The Complaint is not only defeated by the Law of the Case doctrine, it also is defeated pursuant to §544(a)(3) of the Bankruptcy Code giving the Trustee the status of a *bona fide* purchaser for value. The Plaintiff further ignores the fact that there is a substantial purchase money mortgage on the Southampton Property that must be satisfied from the proceeds of a sale and that insurance

premiums remain unpaid. Plaintiff also ignores that she is a substantial creditor of the estate and that continued, repetitive litigation will dissipate the equity in the Southampton Property, which will impact the estate to her detriment, as well as at the expense of other creditors.

4. The relief sought by this Complaint is contrary to the Bankruptcy Code, well-settled law in this jurisdiction and law of this case, and therefore fails as a matter of law. As a result, the Court should dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted.

## BACKGROUND

5. On February 3, 2020 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York (the "Court").

6. By deed dated November 26, 2014, prior to the Filing Date, the Debtor acquired fee title to the Southampton Property. A review of the title report indicates that the Debtor was the fee owner of the Southampton Property and that there is no other ownership interest in the Property.

7. Thereafter, in 2017, the Debtor commenced a divorce action in the Supreme Court of New York, County of Suffolk (the "Divorce Action"), which is currently pending.

8. As there has never been a judgment of divorce entered, the Parties were still married as of the Filing Date, and remain married to date.

9. On March 31, 2020, the Court entered an Order (Doc. No. 27) (the "Lift Stay Order") partially lifting the automatic stay to allow a determination in the Divorce Action of the interests of the Debtor and the Plaintiff, the Debtor's estranged spouse, in marital property, and retaining jurisdiction over distribution of property of the Estate.

3

10. On November 4, 2020, the Debtor filed a motion to convert the Chapter 11 case to one under Chapter 7 (Doc. No. 50) (the "Motion to Convert").

11. On November 23, 2020, the Plaintiff, through counsel, filed an objection to the Motion to Convert (Doc. No. 54) (the "Objection to Conversion"). In the Objection to Conversion, the Plaintiff argued, *inter alia*, that the case should be dismissed, rather than converted, because dismissal was in the best interests of the Estate.

12. On November 27, 2020, the Debtor filed his Response to the Objection to Conversion (Doc. No. 55).

13. On November 30, 2020, a hearing was held to consider the Debtor's Motion to Convert, as well as the Plaintiff's Objection to Conversion, and by Order dated December 4, 2020 (Doc. No. 57) (the "Conversion Order"), this Court converted the Chapter 11 case to one under Chapter 7.

14. On December 4, 2020, by Notice of Appointment, Angela G. Tese-Milner, Esq. was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, has duly qualified and is the permanent Trustee of the Debtor's estate.

15. On January 7, 2021, an order was entered authorizing the retention of LaMonica Herbst & Maniscalco, LLP as counsel to the Trustee.

16. On February 25, 2021, an order was entered authorizing the retention of MYC & Associates, Inc. (the "Broker") to market and sell the Southampton Property.

17. On April 23, 2021, after Plaintiff failed to cooperate with the Trustee in her efforts to market and sell the Southampton Property, the Trustee filed a motion seeking entry of an order, *inter alia*, directing the turnover of possession of the Southampton Property to the Trustee and authorizing the Trustee to market and sell the Southampton Property (Doc. No. 91) (the "Motion

to Authorize").

18. On April 30, 2021, Plaintiff, through counsel, filed a motion to dismiss the bankruptcy case for substantial abuse (Doc. No. 97) (the "Purewal Motion to Dismiss").

19. Pursuant to a hearing held on May 5, 2021 to consider the Motion to Authorize, and upon further negotiations between the Trustee and the Plaintiff, who was represented by counsel, on May 13, 2021, this Court entered the Stipulated To Order by and between the Plaintiff and the Trustee, which provided, *inter alia*, that the Southampton Property is property of the Estate, and that the Plaintiff shall cooperate with the Trustee and her professionals with respect to the marketing and sale of the Southampton Property.

20. On May 26, 2021, Plaintiff, through counsel, filed a Notice of Withdrawal of the Purewal Motion to Dismiss (Doc. No. 107).

21. On June 9, 2021, the Plaintiff commenced this adversary proceeding, *pro se*, by filing a complaint with this Court wherein she seeks:

> (1) a declaration that the Defendants hold the Southampton Property as constructive trustee for the benefit of the Plaintiff,
>
> (2) a declaration that Defendants, or either of them, do not possess or own any interest in the Southampton Property,
>
> (3) ordering the conveyance of the Southampton Property from Defendants to Plaintiff, free and clear of any and all interests, liens and claims;
>
> (4) awarding Plaintiff damages in the amount of $3.5 million,
>
> (5) awarding costs of suit incurred; and
>
> (6) granting such other and further relief as the Court may deem proper

(the "Complaint").

# LEGAL ARGUMENT

This Complaint is a further attempt by the Plaintiff to prevent the Trustee from selling the Southampton Property, so that she alone may benefit from its equity. The relief requested in the Complaint is contrary to well-settled law in this jurisdiction and the Bankruptcy Code, as well as contrary to a prior Stipulated To Order in this case. As such the Complaint must be dismissed as a matter of law.

A. **Standard Under Rule 12(b)(6)**

22. To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 556). Put differently; the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal citations omitted). While a court on a motion to dismiss must accept all factual allegations in the complaint as true and draw all inferences in plaintiff's favor, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The factual allegations, however, must be well-pleaded.

23. In resolving a Rule 12(b)(6) motion, the court may consider "documents attached to the complaint as exhibits, or incorporated in it by reference, to matters of which judicial notice may be taken or to documents on which the plaintiff relied in bringing suit." *Mosello v. Ali Inc., (In re Mosello)*, 190 B.R. 165, 168 (S.D.N.Y. 1995) *aff'd*, 193 B.R. 174 (S.D.N.Y. 1996).

24. The Complaint must also satisfy the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure. These requirements are now well established as the two "working principles" set forth in the Iqbal/Twombly analysis. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Under the first principle, a court does not consider the allegations in a complaint that are "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 566 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. 544, 555 (2007). ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulative recitation of the elements of a cause of action will not do.")

25. Second, the Court must determine whether the remaining allegations state a "plausible" claim for relief. *Iqbal,* 556 U.S. at 679. A "reviewing court . . . draw[s] on its judicial experience and common sense" to undertake this "context-specific task." *Id.* Where "obvious alternative explanations" for the allegations exist, in light of industry history and the "considered views of leading commentators," *Twombly,* 550 U.S. at 567, it is less likely that a court can "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. A complaint cannot merely plead facts that are "consistent with" a defendant's liability but that "stop short of the line between possibility and plausibility of entitlement to relief." *Twombly,* 550 U.S. at 557. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679.

26. In the pleading, the Court must look to the factual allegations that form the underlying basis for a claim and determine whether a plausible claim has been pled. *See Iqbal*, 566 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. 544, 555 (2007).

27. Analysis of a motion to dismiss under 12(b)(6) for failure to state a claim requires a two-step inquiry. *See Ashcroft,* 556 U.S. 662; *Joseph v. Northwood Gp., LLC, Joseph v Northwood Group, LLC*, 2009 US Dist. LEXIS 64741, (S.D.N.Y. July 22, 2009). First, the Court must reject bald allegations that are conclusory and, as a result, are "'not entitled to the assumption of truth.'" *Id*. at 8 (internal citations omitted); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). Second, the court must examine the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.*

**B.     The Plaintiff has Failed to Adequately Plead her Claim of Constructive Trust**

28.     The Plaintiff brought this Complaint against the Defendants for the imposition of a constructive trust on the Southampton Property, but has failed to properly plead the elements of a constructive trust. The four elements of a constructive trust claim under New York law, which have <u>not</u> been plead by the Plaintiff are: (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject *res* made in reliance on that promise; and (4) unjust enrichment. *Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 212 (2d Cir. 2004).

29.     The Plaintiff has made numerous allegations with regards to the Debtor's[2] actions and conduct, but fails to describe how she is entitled to the imposition of a constructive trust on the Southampton Property.

30.     Further, while the Plaintiff references exhibits in her Complaint, the documents served on the Trustee are not marked as exhibits, so it is unclear to which she is referring to in her Complaint. Although Plaintiff describes an Exhibit A (which is not marked) as "a letter [written

---

[2] The Plaintiff refers to the "*defendants'* blatant and fraudulent numerous misrepresentations and otherwise wrongful conduct." While, grammatically speaking, the Plaintiff includes the Trustee and the Estate in this statement, she does not make any allegations with regards to the Trustee's or the Estate's conduct. It therefore may be implied, that the Plaintiff intended only to describe the Debtor.

8

by the Debtor] to the mortgage company explaining the funds used to purchase the properties were solely mine" (*see* Complaint ¶13), there is no letter that refers to funds used to purchase the Southampton Property. While a letter dated July 9, 2013 describes a deposit as having coming from a closed account of the Plaintiff, there is nothing to make a connection to funds used for such purchase. The Plaintiff otherwise fails to establish the significance of the remainder of the documents she included with the Complaint.

31. The Plaintiff has gone through the effort of including documentation to support her Complaint. However, neither the documents provided nor her Complaint establishes a claim for the imposition of constructive trust, nor defeats the Trustee's status as a *bona fide* purchaser.

C. **The Trustee, as a *Bona Fide* Purchaser, is Protected from Unrecorded Interests, Including that of a Constructive Trust**

32. Even if the Plaintiff had adequately plead her claim for constructive trust, the Trustee takes the Southampton Property free of any such interest as a *bona fide* purchaser for value.

33. Pursuant to §544(a)(3) of the Bankruptcy Code, "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a *bona fide* purchaser of real property . . . from the debtor . . . that obtains the status of a *bona fide* purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. §544(a)(3). The Trustee's rights as a hypothetical *bona fide* purchaser are dictated by the substantive state law. *Jackman v. Tese-Milner (In re Aiolova)*, 496 B.R. 123, 132 (S.D.N.Y. 2013) (*citing Mosello v. Ali, Inc. (In re Mosello*), 190 B.R. 165, 170 (S.D.N.Y. 1995).

34. Under New York law, a *bona fide* purchaser would be protected from any prior, unrecorded interests in purchased property, including upon which a constructive trust would

otherwise be imposed. *See In re Aiolova*, 496 B.R. at 132-33 (S.D.N.Y. 2013) (*citing Simonds v. Simonds*, 45 N.Y.2d 233, 242, 408 N.Y.S.2d 359, 364, 380 N.E.2d 189, 194 (1978) (finding that since the purpose of the constructive trust is prevention of unjust enrichment, and a *bona fide* purchaser is not unjustly enriched, the *bona fide* purchaser may take the property free of the constructive trust); *see also In re Phillips*, 21 B.R. 565, 568 (D. Conn. 1982) (holding that a trustee is a *bona fide* purchaser who takes property free of the claim of a constructive trust); *Gaffney v. United States DOT (In re Premier Airways, Inc.)*, Nos. 01-10656 B, AP 02-1238 B, 2004 Bankr. LEXIS 5, at *10-11 (W.D.N.Y. Jan. 6, 2004) (finding that the trustee has the rights of a *bona fide* purchaser of real property, but not of personal property); *but see Banner v. Gibney-Campbell (In re Balco Equities Ltd.*, No. 04-35777 (CGM), 2006 Bankr. LEXIS 5055, at *24-36 (S.D.N.Y. Mar. 28, 2006) (finding that in most cases, a constructive trust will not prevail over the Trustee's strong-arm powers under §544(a)(3), except in cases where the Trustee had constructive notice, for example, where there was a record of a mortgage in the title that required further investigation). In this case, although a divorce proceeding was pending as of the Filing Date, that would only have put the Trustee on notice of the Plaintiff's equitable distribution rights to the Southampton Property, not of a claim for the imposition of a constructive trust. As of the Filing Date, the Trustee took title to the Southampton Property free of any unrecorded interest, including that of a constructive trust, because "a *bona fide* purchaser at the time of the commencement of the case would not have been on record notice of [the constructive trust] interest." *See In re Aiolova*, 496 B.R. at 132-33.

35. The Second Circuit has held that Bankruptcy Courts should be hesitant to use the remedy of constructive trusts. *See Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 217 (2d Cir. 2004). The reason is that the "Chapter 7 context . . . is fundamentally

10

different. The trustee marshals the assets of the estate under judicial supervision, for distribution according to federal law, under circumstances in which unsecured creditors receive fair but not full returns." *Id*. at 218. Accordingly, "[b]ecause the constructive trust in bankruptcy harms other creditors rather than the debtor, the equities that will support the imposition of a constructive trust under the common law do not necessarily support the imposition of the same constructive trust in bankruptcy." *In re Dreier LLP,* 429 B.R. 112, 137 (S.D.N.Y. 2010). Therefore, since a creation of a constructive alters the framework imposed by the Bankruptcy Code, a Bankruptcy Court should be very cautious to impose a constructive trust as a remedy, especially when there is no showing of unjust enrichment.

**D.  The Southampton Property is Property of the Bankruptcy Estate**

36. Property of the bankruptcy estate is defined as all legal and equitable interest of a debtor which exists on the date of the filing of the bankruptcy petition. 11 U.S.C. § 541(a). Although the question of what is property of the estate under 11 U.S.C. §541(a) is a federal question, property rights are created and defined by state law.

37. Section 236 of the Domestic Relations Law provides that "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" is marital property. N.Y. DOM. REL. L. § 236(B)(1)(c) (2003); *Musso v. Ostashko*, 468 F.3d 99, 105 (2d Cir. 2006). However, in New York, a "spouse enforcing an equitable distribution award does not seek judicial recognition of an inchoate, prejudgment interest in the property," but rather, the "spouse, like a judgment creditor, seeks to enforce an equitable remedy ordered in the judgment." *Musso* at 106. Therefore, the Second Circuit has held that "a spouse without legal title has no interest in marital property prior to obtaining a judgment creating such an interest." <u>Id</u>. at 105-106.

11

As such, where a "final judgment of divorce has not been entered at the time of the bankruptcy filing, the non-debtor spouse's rights may be no greater than that of a general unsecured creditor." *Id*. at 107-08 (*citing In re Anjum*, 288 B.R. 72, 76 (S.D.N.Y. 2003); *In re Cole*, 202 B.R. 356, 360 (S.D.N.Y. 1996)).

38. As of the Filing Date, only the Debtor had legal title to the Southampton Property and no judgment had been entered with respect to marital property. The Southampton Property is unquestionably property of the Debtor's bankruptcy estate under Bankruptcy Code § 541(a). *See* 11 U.S.C. § 541(a)(1) (defining property of the estate to include, among other things, "all legal and equitable interests of the debtor in property as of commencement of the case"). Further, the extent of any interest the Plaintiff may have relating to the Southampton Property is limited to an equitable distribution award, to be treated as general unsecured claim in this proceeding.

39. Significantly, the Plaintiff, while represented by counsel, agreed to the Stipulated To Order, which stated, *inter alia*, that the Southampton Property is property of the estate. The Plaintiff, while being represented by counsel, was present during the hearing on the Trustee's Motion to Authorize, as well as during a conference with the Trustee's professionals to negotiate the terms of the Stipulated To Order.

E. **The Relief Requested is Contrary to the Law of This Case**

40. "[A]bsent cogent or compelling reasons," a court must usually adhere to its own decision at an earlier stage of the litigation. *In re Tremont Sec. Law, State Law & Ins. Litig.*, 820 F. App'x 15, 19 (2d Cir. 2020) (noting that grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice). This Complaint is a further attempt by the Plaintiff to prevent the Trustee from selling the Southampton Property, so that she alone may benefit from its equity. The

relief requested in the Complaint is contrary to the law of this case, including the Stipulated To Order.

41. The case was initially filed under Chapter 11, and this Court, after considering whether to convert or dismiss this case, decided to convert the case one under Chapter 7 of the Bankruptcy Code. The Plaintiff had the opportunity to, and did, object to the Debtor's Motion to Convert while being represented by counsel. In the Objection to Conversion, the Plaintiff argued, *inter alia*, that the case should be dismissed, rather than converted, because dismissal was in the best interests of the Estate. Specifically, the Plaintiff argued that: (1) the decreased value of the Property would provide minimal benefit to the Estate, of which most would be paid to the Plaintiff as an alleged priority creditor, (2) dismissal rather than conversion is warranted where the bankruptcy consists of only a two-party dispute, (3) creditors would benefit from dismissal because the Debtor has substantial future earning capacity, (4) the Debtor filed this Bankruptcy case in order to frustrate the Divorce Action, and (5) the Debtor failed to disclose numerous assets.

42. After considering the Plaintiff's arguments against conversion, this Court determined that a conversion to a Chapter 7 case was in the best interests of the Estate and its creditors. In general, creditors are better served by a chapter 7 trustee whose sole commitment is to promoting parity among the parties. *See In re Hampton Hotel*, 270 B.R. at 360. Further, the Trustee is in a better position to reach assets for the benefit of all creditors.

43. After the case was converted and the Trustee was appointed, the Plaintiff failed to cooperate with the Trustee in her efforts to market and sell the Southampton Property. Consequently, the Trustee was forced to file the Motion to Authorize, requesting the entry of an order, *inter alia*, directing the turnover of possession of the Southampton Property to the Trustee and authorizing the Trustee to market and sell the Southampton Property. In its Motion to

Authorize, the Trustee argued that the Southampton Property is property of the estate, pursuant to *Musso v. Ostashko*, as discussed above. *See* 468 F.3d at 105-106.

44. In response to the Trustee's Motion to Authorize, the Plaintiff then brought a motion to dismiss the case, for essentially the same reasons that she had objected to the Debtor's Motion to Convert. However, this Court had already decided the Motion to Convert.

45. A hearing was thereafter held on the Trustee's Motion to Authorize (the "Hearing"). Pursuant to the Hearing and further negotiations (at which the Plaintiff was present), the Trustee and the Plaintiff, who was represented by counsel, entered into the Stipulated To Order, which stated, *inter alia*, that the Southampton Property is property of the estate, and that the Plaintiff would cooperate with the Trustee in her efforts to market and sell the Southampton Property.

46. The Plaintiff, through counsel, thereafter withdrew her motion to dismiss the case.

47. Although the Plaintiff had agreed to cooperate with the Trustee, she has since not been cooperative. She has made it difficult for the Broker to access and market the Southampton Property, and has not made her best efforts to reasonably cooperate with the Trustee and her professionals. Nonetheless, the Trustee's professionals did their best to work around these difficulties.

48. It is clear that this Complaint is yet another attempt by the Plaintiff to prevent the Trustee from selling the Southampton Property so that she alone may benefit, at the expense of other creditors. By bringing this Complaint, the Plaintiff is asking the Court to find that the Southampton Property is not property of the Estate, contrary to the Stipulated To Order.

**F.     The Plaintiff Fails to Provide Any Basis for Other Relief Requested and is Prejudicial to Other Creditors**

49.     The Plaintiff requests a declaration that neither of the Defendants "possess or own any interest" in the Southampton Property, but provides no factual or legal basis for such relief in the Complaint.

50.     The Plaintiff requests a judgment "ordering the conveyance" of the Southampton Property "from defendants to plaintiff, free and clear of any and all interests, liens, and claim," but provides no factual or legal basis for such relief in the Complaint.

51.     The Plaintiff requests an award damages "in that amount of $3.5 million," but provides no factual or legal basis for such relief in the Complaint.

52.     The Plaintiff requests an award for costs of suit incurred, but yet again, provides no factual or legal basis for such relief in the Complaint.

**G.     The Requested Relief Does Not Serve the Plaintiff's Own Best Interests**

53.     The relief Plaintiff is requesting does not serve her own best interests. The mortgage on the Southampton Property is currently $656,630, with $41,826 in arrears. She has asserted countless times that she has no money. If she is unable to pay the mortgage, she will eventually lose the Southampton Property in a foreclosure. The Plaintiff's best option is to allow the Trustee to sell the Southampton Property, and thereafter receive a portion of the equity. Plaintiff's constant fighting against a sale will only result in less equity available to her, as her actions only increase legal fees and wastes the Estate's resources (including the Estate's continuing liability on the mortgage).

## CONCLUSION

54. In conclusion, Plaintiff has failed to set forth any legally cognizable claim and, as a result, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as made applicable by Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure.

55. In the event that the Court does not grant the requested relief herein, the Trustee reserves her right to file an answer to the Complaint, with affirmative defenses. *See* Fed. R. Civ. P. 12(a)(4). Rule 12(a)(4) provides that the service of a motion pursuant to Rule 12 suspends the movant's time to file a responsive pleading until 10 days following the disposition of the motion.

56. No previous application has been made for the relief requested herein.

**WHEREFORE**, for the reasons set forth herein, the relief requested in this Motion should be granted, and an Order entered: (a) pursuant to Federal Rule of Bankruptcy 7012 and Federal Rule of Civil Procedure (12)(b)(6) dismissing the Complaint in its entirety; and (b) granting the Trustee such other and further relief as the Court deems just and proper.

Dated: July 6, 2021  
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**  
*Counsel to Angela G. Tese-Milner, Chapter 7 Trustee*

By: *s/ Salvatore LaMonica*  
Salvatore LaMonica, Esq.  
Cristina M. Lipan, Esq.  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
Telephone: (516) 826-6500  
sl@lhmlawfirm.com  
cl@lhmlawfirm.com