| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP**<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500<br>Salvatore LaMonica, Esq.<br>Cristina M. Lipan, Esq.<br>*Attorneys for the Chapter 7 Trustee* | Hearing Date: July 27, 2021 at 10:00 a.m.<br>Objections Due: July 20, 2021 by 4:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>KANWALDEEP SINGH KALSI,<br><br>Debtor. | Chapter 7<br><br>Case No.: 20-10330 (MG) |

------------------------------------------------------------x

| | |
|---|---|
| NAMRITA PUREWALL,<br><br>     Plaintiff,<br> - against -<br><br>ESTATE OF KANWALDEEP KALSI, THE TRUSTEE OF THE ESTATE OF KANWALDEEP KALSI, and KANWALDEEP KALSI<br><br>     Defendants. | Adv. Pro. No. 21-01159 (MG) |

------------------------------------------------------------x

### SUPPLEMENT TO TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012 DISMISSING THE COMPLAINT

Defendant Angela G. Tese-Milner, solely in her capacity as the chapter 7 trustee (the "Trustee") of the estate (the "Estate") of Kanwaldeep Singh Kalsi (the "Debtor"), and as the sole representative of the Estate, by and through her counsel, LaMonica Herbst & Maniscalco, LLP, hereby submits this supplement to the *Trustee's Motion Seeking the Entry of an Order, Pursuant to Federal Rule of Bankruptcy Procedure 7012 Dismissing the Complaint* (Doc. No. 7) (the "Motion to Dismiss"), as the Trustee has just become aware that the Plaintiff had previously filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States

Bankruptcy Court, Southern District of New York (Case No. 17-10164-CGM), on January 27, 2017 (the "2017 Bankruptcy Case") which utterly failed to reference the Plaintiff's assertion of ownership to the Southampton Property.

1. On June 9, 2021, Namrita Purewal (aka Namrita Purewall, the "Plaintiff") commenced this adversary proceeding by filing a complaint with this Court (the "Complaint").

2. Previously, the Plaintiff had entered into a Stipulated To Order, which was so ordered by this Court on May 13, 2021, which provided, *inter alia*, that the Southampton Property is property of the Debtor's estate, and therefore, the Trustee is authorized to market the Property for sale.

3. In direct contravention of the Stipulated To Order, Plaintiff has filed the Complaint seeking, *inter alia*, declaratory judgment that the Southampton Property is not property of the estate, thereby seeking to prevent the Trustee from selling or accessing the Southampton Property.

4. On July 6, 2021, the Trustee filed the Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as made applicable by Federal Rule of Bankruptcy Procedure 7012. The Motion to Dismiss argued that the Complaint is defeated by Law of the Case Doctrine and pursuant to §544(a)(3) of the Bankruptcy Code giving the Trustee the status of a *bona fide* purchaser for value, as well as pursuant to other well-settled law in this jurisdiction.

5. The schedules filed by the Plaintiff in the 2017 Bankruptcy Case do not list or reflect an ownership interest in the Southampton Property. *See* **Exhibit A**.

6. The Second Circuit Court of Appeals has explicitly stated that the doctrine of judicial estoppel "prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding." *Radal v. Anesthesia Group of Onondaga, P.C.,* 369 F.3d 113, 118 (2d Cir. 2004). The purpose of judicial estoppel is

"to prevent internal inconsistency, to preclude litigants from playing 'fast and loose' with the courts, and to avoid deliberate changing positions for exigencies of the moment." Black v. Buffalo Meat Serv., No. 15-CV-49S, 2021 U.S. Dist. LEXIS 96748, at *25 (W.D.N.Y. May 21, 2021).

7. The Plaintiff failed to list or assert an ownership interest in the Southampton Property in the 2017 Bankruptcy Case, when it could have become an asset of that bankruptcy estate and could have been liquidated to pay creditors. However, she now asserts an ownership interest when the Southampton Property is to be sold in the instant case. She clearly has changed her position for her own benefit.

8. Plaintiff is judicially estopped from asserting an ownership interest, and the Complaint should also be dismissed on account of the doctrine of judicial estoppel.

Dated: July 8, 2021
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Angela G. Tese-Milner, Chapter 7 Trustee*

By: *s/ Salvatore LaMonica*
Salvatore LaMonica, Esq.
Cristina M. Lipan, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
sl@lhmlawfirm.com
cl@lhmlawfirm.com