UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>KANWALDEEP SINGH KALSI,<br><br>        Debtor. | NOT FOR PUBLICATION<br><br>Chapter 7<br><br>Case No. 20-10330 (MG) |
| Namrita Purewal,<br><br>        Plaintiff,<br><br>v.<br><br>Estate of Kanwaldeep Kalsi, The Trustee of the Estate of Kanwaldeep Kalsi, Kanwaldeep Kalsi,<br><br>        Defendants. | Adv. Pro. No. 21-01159 (MG) |

**MEMORANDUM OPINION AND ORDER GRANTING
TRUSTEE'S MOTION TO DISMISS**

*A P P E A R A N C E S:*

NAMRITA PUREWAL
*Plaintiff (pro se)*
67 Liberty Street, Unit 5
New York, NY 10005
    -and-
82 Inlet Road
Southampton, NY 11968

LAMONICA HERBST & MANISCALCO, LLP
*Counsel to the Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
   By:   Salvatore LaMonica, Esq.
           Cristina M. Lipan, Esq.

LAW OFFICES OF ALLA KACHAN, P.C.
*Counsel to Kanwaldeep Kalsi*
2799 Coney Island Avenue, Suite 202
   By:   Alla Kachan, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding relates to real property acquired during the marriage of the debtor in the main bankruptcy case, Kanwaldeep Kalsi ("Kalsi," or the "Debtor"), and his estranged wife, Namrita Purewal ("Purewal," or the "Plaintiff"). The property in question is located at 82 Inlet Road, Southampton, NY 11968 (the "Southampton Property"). The Debtor commenced a divorce action against the Plaintiff in 2017. The divorce action remains pending.

It is undisputed that title to the Southampton Property is solely in the Debtor's name. The Plaintiff, however, lives between the Southampton Property and another property in New York City. By this adversary proceeding, the Plaintiff requests the Court impose a constructive trust and convey the Southampton Property to her, as she claims that she has always paid for the Southampton Property, which the Debtor allegedly held in trust for her.

Before this adversary proceeding was filed, the chapter 7 trustee (the "Trustee") filed a motion in the main case seeking turnover of the Southampton Property from the plaintiff. ("Turnover Motion," Main ECF Doc. # 91.)[1] The Turnover Motion was resolved by a stipulation that provides, *inter alia*, that the Southampton Property "is property of the Debtor's estate," and that "Purewal shall cooperate with the Trustee and her professionals . . . in all respects with regard to the marketing and sale of the [Southampton] Property." ("Stipulation," Main ECF Doc. # 104, ¶¶ 2–3.)

The Stipulation was so-ordered by this Court on May 13, 2021. (*Id.*) This adversary proceeding was filed less than a month later, on June 9, 2021. ("Complaint," AP ECF Doc. # 1.)

---

[1] References to the docket in the main case (Case No. 20-10330) are indicated by citations to "Main ECF." References to the docket in this adversary proceeding (Adv. Pro. 21-01159) are indicated by citations to "AP ECF."

2

On July 6, 2021, the Trustee filed a motion to dismiss the complaint. ("Motion," AP ECF Doc. # 7.) On July 27, 2021—just over an hour before the hearing on the Motion, and well after the deadline of 12 noon on July 26, 2021—Purewal filed a reply to the Motion. ("Reply," AP ECF Doc. # 21.)

The Court concludes that, due to the Stipulation and under well-settled precedent, even if the Plaintiff's claims are accepted as true, the Plaintiff fails to state a claim for the imposition of a constructive trust against the Trustee with respect to the Southampton Property. Accordingly, the Court **GRANTS** the motion to dismiss the constructive trust claim against the Trustee.[2]

## I. BACKGROUND

### A. The Debtor's Bankruptcy

On February 3, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. (Main ECF Doc. # 1.) On December 4, 2020, over Purewal's objection, the Court converted the case to one under chapter 7. (Main ECF Doc. ## 54, 57.)

### B. The Southampton Property

It is undisputed that title to the Southampton Property is solely in the Debtor's name, and was solely in the Debtor's name on the Petition Date. Purewal states that, despite these undisputed facts, she has always paid for the Southampton Property, including the down payment, mortgage payments, and tax payments. (Complaint ¶¶ 12–15.)

On April 23, 2021, the Trustee filed a motion seeking turnover of the Southampton Property to the Trustee. (Turnover Motion.) The Trustee represents that the Turnover Motion was filed "after Plaintiff failed to cooperate with the Trustee in her efforts to market and sell the

---

[2] As the Debtor has not filed a motion to dismiss, but instead filed an answer to the Complaint, the case will remain pending against the Debtor.

Southampton Property." (Motion ¶ 17.) On April 30, 2021, Purewal filed a motion to dismiss the Debtor's bankruptcy case for substantial abuse. ("MTD for Abuse," Main ECF Doc. # 97.) After a hearing held on May 5, 2021, to consider the Turnover Motion, the Trustee and Purewal entered into a stipulation which provides that the Southampton Property "is property of the Debtor's estate," and that "Purewal shall cooperate with the Trustee and her professionals . . . in all respects with regard to the marketing and sale of the [Southampton] Property." ("Stipulation," Main ECF Doc. # 104, ¶¶ 2–3.) The Court so-ordered the stipulation on May 13, 2021. (*Id.*) On May 26, 2021, Purewal withdrew the MTD for Abuse. (Main ECF Doc. # 107.)

On June 9, 2021, Purewal filed this adversary proceeding. (Complaint.) On June 23, 2021, Purewal filed a "Stay Order Preventing the Trustee or Her Associates on My Property." (AP ECF Doc. # 4.) The Court held a hearing on this filing on July 8, 2021. At the hearing, Purewal inconsistently represented (i) that she saw the first three pages of the Stipulation, but did not agree with what was on them, and (ii) that she only saw the last two pages of the Stipulation before the Court approved it.³ Purewal's counsel, Aaron Cahn, Esq., represented at the hearing that he provided the full Stipulation to Purewal before the Court approved it. The Court construed the filing at AP ECF Doc. # 4 as a request for a temporary restraining order or preliminary injunction and denied the request. (AP ECF Doc. # 13.)

### C. The Liberty Street Property

The Debtor acquired fee title to 67 Liberty Street, Unit 5, New York, NY 10005 (the "Liberty Street Property") in August 2013. (Adv. Pro. 21-01177 ECF Doc. # 1 ¶ 13.) On March 12, 2021, the secured creditor filed a motion to lift the stay with respect to the Liberty Street Property. ("Liberty Lift-Stay Motion," Main ECF Doc. # 83.) On July 19, 2021, the Trustee

---

³ The Stipulation is five pages long.

4

filed a complaint against Purewal for turnover of the Liberty Street Property. (Adv. Pro. 21-01177.) That adversary proceeding remains pending. On July 20, 2021, after several adjournments, the Court held a hearing on the Liberty Lift-Stay Motion, and denied it without prejudice due to a substantial equity cushion. (Main ECF Doc. # 118.)

As with the Southampton Property, Purewal alleges that she has always paid for the Liberty Street Property, despite title being solely in the Debtor's name. (Complaint ¶¶ 12–15.) However, Purewal states that she has "no issues with the Trustee selling" the Liberty Street Property, but "adamantly and respectfully must make a demand to the courts for the return of my property located at 82 Inlet Drive, Southampton, NY." (*Id.* ¶ 30.)

### D. The Marital Dispute

On December 12, 2012, the Debtor and Purewal were married. (Reply ¶ 4.) In 2017, the Debtor commenced a divorce action in the Supreme Court of New York, Suffolk County, which remains pending. (Motion ¶ 7.) On March 31, 2020, the Court lifted the stay to permit the divorce action to continue but it retained jurisdiction over distribution of property of the estate. (Main ECF Doc. # 27.) There has never been a judgment of divorce entered, and the parties therefore remain married. (Motion ¶ 8.)

### E. Purewal's Bankruptcy

On January 27, 2017, Purewal filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. ("Purewal Bankruptcy," Case No. 17-10164 (CGM).) Purewal listed neither the Southampton Property nor the Liberty Street Property as assets on her petition, despite listing the Liberty Street Property as her residential address. (Purewal Bankruptcy ECF Doc. # 1 at 2.)

On August 28, 2017, Jeffrey Sapir, the chapter 13 trustee, filed a motion to dismiss the Purewal Bankruptcy for the following reasons:

5

> 3. The debtor failed to comply with the provisions of 11 U.S.C. §1307(c)(1) and (c)(4).
>
> 4. The debtor is in violation of §521(e)(2)(A)(i) of the Bankruptcy Code which requires the debtor to provide *seven (7) days prior to the §341(a) meeting of creditors*, copies of federal and state tax returns for certain of the most recent years preceding the commencement of the case, to wit, 2016.
>
> 5. The debtor has failed to remit timely plan payments to the trustee, having remitted but one payment, and being, at this juncture, six month(s) in arrears.
>
> 6. The debtor's plan is not feasible in that the debtor is unable to remit monthly payments as required under 11 U.S.C. §1325(a)(6) and §1326(a)(1).
>
> 7. Upon information and belief, the plan has failed to be served upon creditors.
>
> 8. The debtor has failed to provide the trustee with certain of the required documentation, to wit, a real estate appraisal and a third-party affidavit of contribution.
>
> 9. The delay created by the debtor is prejudicial to creditors.

(*Id.* ECF Doc. # 20 at 3.)  On September 27, 2017, Purewal filed a notice stating that "Due to change of circumstances, the debtor supports the trustee's motion to dismiss the case and let the case be dismissed forthwith."  (*Id.* ECF Doc. # 24.)  On October 23, 2017, Chief Judge Morris dismissed the Purewal Bankruptcy.  (*Id.* ECF Doc. # 25.)

## II.  DISCUSSION

### A.  Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a complaint must allege "enough facts to state a claim for relief that is *plausible* on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (emphasis in original) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

6

Courts use a two-prong approach when considering a motion to dismiss. *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 717 (2d Cir. 2013) (stating that the motion to dismiss standard "creates a 'two-pronged approach' . . . based on '[t]wo working principles'" (quoting *Iqbal*, 556 U.S. at 678–79)); *McHale v. Citibank, N.A. (In re 1031 Tax Grp., LLC)*, 420 B.R. 178, 189–90 (Bankr. S.D.N.Y. 2009).

First, the court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed in factual garb. *See, e.g.*, *Iqbal*, 556 U.S. at 677–78 (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true") (citing *Iqbal*, 556 U.S. at 678). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. Courts do not make plausibility determinations in a vacuum; rather, it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

> A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (internal quotation marks and citations omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

### B. Purewal Fails to State a Claim for Constructive Trust

Purewal has stipulated that the Southampton Property is property of the Debtor's estate. The Stipulation—signed by the Trustee's counsel, Purewal's counsel, and Purewal herself—provides: "The [Southampton] Property is property of the Debtor's estate, and therefore, the Trustee is authorized to market the [Southampton] Property for sale." (Stipulation ¶ 2.) In addition, it is undisputed that title to the Southampton Property was in the name of the Debtor on the Petition Date.

Purewal gives no reason for why the Stipulation should be set aside (and does not even request this relief), but even if the Stipulation were set aside, the Southampton Property would still be property of the estate. Under New York law, "marital property" includes "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held." N.Y. DOM. REL. L. § 236(B)(1)(c). The Second Circuit has explained:

> A spouse without legal title has no interest in marital property prior to obtaining a judgment creating such an interest . . . . In New York, a spouse enforcing an equitable distribution award does not seek judicial recognition of an inchoate, prejudgment interest in the property. Rather, the spouse, like a judgment creditor, seeks to enforce an equitable remedy ordered in the judgment. . . .
>
> "If bankruptcy intervenes before the state court enters the [divorce] judgment, the trustee's status as hypothetical lien creditor cuts off the non-debtor spouse's inchoate rights in marital property, and leaves [the non-debtor spouse] with a general unsecured claim."

*Musso v. Ostashko*, 468 F.3d 99, 105–06, 108 (2d Cir. 2006) (quoting *In re Cole*, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996)).

8

Furthermore, *Jackman v. Tese-Milner (In re Aiolova)*, 496 B.R. 123 (Bankr. S.D.N.Y. 2013), is directly on point with respect to the viability of a claim for constructive trust against a trustee in bankruptcy. In that case, Judge Lifland stated:

> As one of the strong-arm powers enunciated in the Bankruptcy Code, a trustee is given the status of a hypothetical bona fide purchaser of real property. *See In re Potter*, 313 F.3d 93, 95 (2d Cir. 2002). The purpose of this status is "to cut off unperfected security interests, secret liens and undisclosed prepetition claims against the debtor's property as of the commencement of the case." *In re Canney*, 284 F.3d 362, 374 (2d Cir. 2002) (quoting COLLIER ON BANKRUPTCY ¶ 544.03 (15th ed. rev. 2001)). Specifically, Section 544(a)(3) provides:
>
>> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any other creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . from the debtor . . . that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
>
> *See* 11 U.S.C. § 544(a)(3). In evaluating the trustee's rights as a hypothetical bona fide purchaser of real property, the court looks to the substantive state law pertaining to the property that is the subject of the proceeding, in this case the law of New York. *See Mosello v. ALI, Inc. (In re Mosello)*, 190 B.R. 165, 170 (Bankr. S.D.N.Y. 1995).
>
> Under New York law, a bona fide purchaser is protected from any prior, unrecorded interests in the purchased property. *See* N.Y. RPL § 291; *see also Simonds v. Simonds*, 45 N.Y.2d 233, 242, 380 N.E.2d 189, 408 N.Y.S.2d 359 (1978) ("A bona fide purchaser of property upon which a constructive trust would otherwise be imposed takes free of the constructive trust, but a gratuitous donee, however innocent, does not.").

*Jackman*, 496 B.R. at 132–33.

Accordingly, even if the Court accepts all of the allegations in the Complaint, Purewal's claim for constructive trust fails, as the Southampton Property is property of the estate, and the Trustee takes the Southampton Property free of any prior unrecorded interests in purchased

9

property, including a constructive trust. The Court therefore **GRANTS** the motion to dismiss the constructive trust claim against the Trustee.

**IT IS SO ORDERED.**

Dated:   August 12, 2021
         New York, New York

                                    *Martin Glenn*
                                    MARTIN GLENN
                              United States Bankruptcy Judge